UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 AUG 31 P 12: 18
U.S. DISTRICT COURT
DISTRICT OF MASS.

REVEREND ZACHARIAH TRINGALI,
**Plaintiff,**

**v.**

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY (MBTA),
**Defendant.**

**Civil Action No. __________**

**COMPLAINT**
**(Jury Trial Demanded)**

## I. INTRODUCTION

1. Plaintiff Reverend Zachariah Tringali brings this action concerning recurring and substantial failures in MBTA subway service, including signal-related disruptions, extended delays, overcrowded conditions, and inadequate or non-functioning air conditioning or ventilation during travel.

2. The immediate incident documented in this Complaint occurred on August 10, 2026, when Plaintiff experienced a trip of more than 130 minutes while traveling from Harvard to Quincy, Massachusetts. Plaintiff alleges that signal and service failures materially contributed to the extraordinary travel time.

3. Plaintiff relies upon the MBTA for transportation necessary to reach employment, education, stores, appointments, ministry obligations, and members of the public served through his outreach ministry. Repeated failures therefore create consequences beyond ordinary inconvenience.

## II. PARTIES

4. Plaintiff Reverend Zachariah Tringali is an ordained minister and outreach worker engaged in public ministry and community outreach in Massachusetts.

5. Defendant Massachusetts Bay Transportation Authority is the public transit authority responsible for operation and maintenance of the MBTA rapid-transit system, including the Red Line.

## III. JURISDICTION AND VENUE

6. Plaintiff invokes federal jurisdiction only to the extent a cognizable federal constitutional or statutory claim is established by the facts and applicable law.

7. Plaintiff also seeks to preserve any applicable state-law claims arising from the MBTA's operation, maintenance, and provision of public transportation, subject to all applicable statutory prerequisites, immunities, notice requirements, and limitations.

8. Plaintiff alleges venue is proper in this District because the events complained of occurred within Massachusetts and involve MBTA operations within this District.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff regularly uses the MBTA as a primary means of transportation for work, school, essential shopping, appointments, and public ministry.

10. Plaintiff has experienced recurring service disruptions and signal-related failures affecting the Red Line and his ability to travel between Boston-area destinations.

11. On August 10, 2026, Plaintiff traveled from Harvard toward Quincy, Massachusetts.

12. The trip lasted more than 130 minutes, substantially exceeding the ordinary travel time reasonably expected for that journey.

13. Plaintiff attributes the extraordinary delay, in part, to MBTA signal and service failures occurring during the trip.

14. During the affected travel, Plaintiff also encountered subway conditions involving inadequate or non-functioning air conditioning or ventilation and significant heat and crowding.

15. These conditions materially increased the burden imposed by the prolonged delay.

16. The delay interfered with Plaintiff's ability to reach destinations necessary for employment, education, shopping, and other ordinary necessities.

17. The delay also interfered with Plaintiff's public ministry and outreach activities, including his ability to travel to people, locations, meetings, supplies, and other ministry-related obligations.

18. Plaintiff contends that the August 10 incident is evidence of a broader pattern requiring investigation, including the frequency of signal failures, maintenance practices, service-response procedures, equipment condition, and the MBTA's notice of recurring failures.

19. Plaintiff will supplement these allegations with contemporaneous records, MBTA service alerts, complaint numbers, travel records, photographs, receipts, witness information, and public records obtained through lawful requests.

20. Plaintiff does not contend that every transit delay automatically creates legal liability. Plaintiff alleges that the repeated nature, duration, conditions, notice, and resulting harm warrant judicial review to the extent permitted by law.

## V. POTENTIAL CLAIMS

COUNT I — NEGLIGENCE / BREACH OF APPLICABLE DUTIES (TO THE EXTENT PERMITTED BY LAW)

21. Plaintiff incorporates paragraphs 1–20. Plaintiff alleges that the MBTA owed applicable duties concerning the reasonable operation, maintenance, and management of its transportation system and that the

alleged failures caused foreseeable disruption and damages. Plaintiff expressly recognizes that governmental immunity and statutory requirements may limit this claim and pleads it only to the extent legally cognizable.

COUNT II — STATUTORY OR REGULATORY VIOLATIONS (TO THE EXTENT ESTABLISHED BY DISCOVERY)

22. Plaintiff incorporates paragraphs 1–20. Plaintiff seeks discovery concerning whether applicable Massachusetts statutes, regulations, MBTA policies, accessibility requirements, or other legally enforceable duties were violated by the conditions described above.

COUNT III — FEDERAL CIVIL-RIGHTS CLAIM (ONLY IF SUPPORTED BY PROVABLE FACTS)

23. Plaintiff incorporates paragraphs 1–20. Plaintiff seeks relief under applicable federal civil-rights law only if discovery establishes that MBTA conduct deprived Plaintiff of a federally protected right. Plaintiff specifically preserves any claim supported by evidence of discriminatory treatment, retaliation, intentional interference with protected activity, or denial of legally protected accessibility rights.

## VI. INJUNCTIVE AND DECLARATORY RELIEF

24. Plaintiff requests appropriate prospective relief, to the extent authorized by law, concerning investigation and correction of recurring signal failures, passenger communications during prolonged disruptions, and reasonable measures addressing extreme heat and ventilation conditions during extended service interruptions.

25. Plaintiff does not ask the Court to operate the MBTA or substitute judicial judgment for legitimate transit-management decisions. Plaintiff seeks only relief authorized by law and supported by evidence.

## VII. DAMAGES

26. Plaintiff seeks all damages legally recoverable and supported by evidence, including documented transportation expenses, lost wages or work opportunities where legally recoverable, documented costs caused by service disruption, and other compensable losses.

27. Plaintiff further alleges substantial disruption to his public ministry and community outreach activities. Plaintiff will document specific dates, scheduled activities, missed obligations, travel costs, and other measurable consequences rather than relying solely on generalized inconvenience.

## VIII. PRESERVATION AND DISCOVERY

28. Plaintiff requests preservation of relevant records, including signal-failure logs, maintenance and work orders, service alerts, dispatch records, operator reports, incident reports, passenger complaints, temperature/ventilation complaints, equipment records, communications concerning recurring Red Line disruptions, and records identifying corrective actions.

29. Plaintiff further seeks discovery concerning MBTA knowledge of recurring signal failures and the adequacy and timing of corrective measures.

## IX. PRAYER FOR RELIEF

A. Award Plaintiff all damages allowed by applicable law and proven at trial;

B. Award reimbursement for legally recoverable out-of-pocket losses and expenses;

C. Enter appropriate declaratory or prospective relief where authorized by law;

D. Require preservation and production of relevant records through ordinary discovery;

E. Award costs and any attorney's fees authorized by applicable law; and

F. Grant such other relief as the Court determines to be just and proper.

## X. JURY DEMAND

Plaintiff demands a trial by jury on all issues for which a jury trial is available.

**Respectfully submitted,**

Reverend Zachariah Tringali
Plaintiff, Pro Se
House of Mercy Ministries / Public Outreach Ministry
362 Green Street
Cambridge, MA 02129
(603) 661-9745
zacharytringali@gmail.com

Date: August 10, 2026

## EXHIBIT / EVIDENCE CHECKLIST

Exhibit A — August 10, 2026 MBTA service alerts and signal-failure notices.

Exhibit B — Travel record documenting 130+ minute Harvard-to-Quincy trip.

Exhibit C — Photographs/video documenting crowding, heat, and air-conditioning/ventilation conditions.

Exhibit D — MBTA complaint submissions and incident numbers.

Exhibit E — Receipts and other documentation of transportation or financial losses.

Exhibit F — Work, school, and ministry schedules demonstrating specific consequences of delay.

Exhibit G — Additional dates documenting recurring signal failures and prolonged service disruptions.

Exhibit H — Public records concerning signal maintenance, failures, repairs, and MBTA response.